RECORD NUMBER: 13-4460

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**ANTHONY MACINTOSH,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

# OPENING BRIEF OF APPELLANT

**HAROLD M. VAUGHT**
**HAROLD M. VAUGHT,**
 **ATTORNEY AT LAW**
**Post Office Box 473**
**Norwalk, California 90651**
**(202) 744-1542**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ..................................................................................... 1

ISSUE PRESENTED ...................................................................................... 1

STATEMENT OF THE CASE ...................................................................... 1

STATEMENT OF FACTS ............................................................................ 2

    Summary of Argument ........................................................................ 2

ARGUMENT ................................................................................................ 3

I.    THE SENTENCE, INCLUDING IMPRISONMENT FOR A TERM OF 24 MONTHS, WAS ILLEGALLY IMPOSED DUE TO THE ASSESSMENT OF A TOTAL SENTENCING OFFENSE LEVEL OF 17 WHICH FAILED TO CREDIT THE APPELLANT FOR ACCEPTANCE OF RESPONSIBILITY AND A COMPLETE LACK OF PRIOR CRIMINAL HISTORY ..... 3

    Standard of Review ........................................................................... 3

CONCLUSION ............................................................................................ 3

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVI CE

# **TABLE OF AUTHORITIES**

**Cases**

Anders v. California,
    386 U.S. 738 (1967) .......................................................................... 1, 3

United States v. Daughtrey,
    874 F.2d 213 (4th Cir. 1989) ................................................................. 3

United States v. White,
    405 F.3d 208 (4th Cir. 2005) ................................................................. 3

**Rules, Statutes, and Other Authorities**

18 U.S.C. § 1519 ............................................................................................. 1

18 U.S.C. § 1951 ............................................................................................. 1

28 U.S.C. § 1291 ............................................................................................. 1

Fed. R. App. P. 4(b) ....................................................................................... 1

## BRIEF ON BEHALF OF APPELLANT

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court's subject matter jurisdiction of this matter is derived from Title 18 U.S.C. § 1951. This Court has jurisdiction of this appeal in accordance with Title 28 U.S.C. § 1291 and Federal Rule of Appellate Practice 4(b).

## ISSUE PRESENTED

I.    Whether the sentence, including imprisonment for a term of 24 months, was illegally imposed due to the assessment of a total sentencing offense level of 17 which failed to credit the appellant for acceptance of responsibility and a complete lack of prior criminal history.[1]

## STATEMENT OF THE CASE

On January 4, 2013, the appellant, Mr. Anthony McIntosh, was tried before a court comprised of a federal district court judge sitting alone (the Honorable Judge Alexander Williams, Jr.) and was convicted pursuant to his plea of guilt of one count of falsification of records in violation of 18 U.S.C. § 1519. Transcript of Rearraignment and Guilty Plea at 19. Subsequently, on June 3, 2013, he was sentenced by Judge Williams to a term of imprisonment for 24 months and a term of supervised release from prison for one year as well as a $100.00 special assessment. Transcript of Sentencing at 45. On June 13, 2013, Mr. McIntosh timely filed a notice of appeal from the district court's verdict and sentence.

---

[1] This issue is raised pursuant to Anders v. California, 386 U.S. 738 (1967).

## **STATEMENT OF FACTS**

At his sentencing hearing, Mr. McIntosh, through his counsel, agreed with the prosecution that that the total sentencing offense level applicable is "17" entailing a sentencing guideline range of 24 to 30 months' confinement. Transcript of Sentencing at 3. Trial defense counsel then argued for a downward variance with a sentence including time served (16 days' incarceration). Transcript of Sentencing at 4-21. Ultimately, the trial judge rejected counsel's arguments for a downward variance and imposed what he construed as the minimum sentence within the guideline range of 24-30 months' confinement. Transcript of Sentencing at 45.

## **Summary of Argument**

The appellant recognizes that he was party to a plea agreement that stipulated the accuracy of a total offense level of 17 with a sentencing guideline range of 24 to 30 months' confinement and waived his appeal of a sentence save for one in excess of this stipulated guideline range. Nevertheless, he argues that these pretrial agreements were founded on a plainly incorrect computation of the guideline range which failed to take account of his acceptance of responsibility and lack of criminal history. He argues that, under these circumstances, the Court should invalidate his plea agreement insofar as it waives his right to appeal and reduce his sentence to remedy the plain error.

2

## ARGUMENT

**I.     THE SENTENCE, INCLUDING IMPRISONMENT FOR A TERM OF 24 MONTHS, WAS ILLEGALLY IMPOSED DUE TO THE ASSESSMENT OF A TOTAL SENTENCING OFFENSE LEVEL OF 17 WHICH FAILED TO CREDIT THE APPELLANT FOR ACCEPTANCE OF RESPONSIBILITY AND A COMPLETE LACK OF PRIOR CRIMINAL HISTORY.**

### Standard of Review

A district court's factual findings are reviewed for clear error, but if the issue on review turns primarily on the legal interpretation of the sentencing guidelines, "the standard moves closer to a de novo review." United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). To the extent that Mr. McIntosh raises arguments and issues for the first time on appeal, the Court reviews the record for "plain error" and must find that an error occurred, that the error was plain, and that the error impacted Mr. McIntosh's substantial rights. See United States v. White, 405 F.3d 208, 215-18 (4th Cir. 2005).

### CONCLUSION

The Court is respectfully requested to consider the issue asserted above in light of a review of the record as well as any pro se supplemental brief or argument filed by Mr. McIntosh. See Anders, supra, at 744.

3

                                              Respectfully submitted,

                                              By: <u>/s/ Harold M. Vaught</u>
                                                      Counsel

HAROLD M. VAUGHT, ESQ.
D.C. Bar #477194
ATTORNEY AT LAW
P.O. Box 473
Norwalk, CA  90651
(202) 744-1542

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4460            Caption: United States v. Anthony McIntosh

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [✓] this brief contains ___630___ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [✓] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 [*state name and version of word processing program*] in 14-point Times New Roman [*state font size and name of the type style*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Harold M. Vaught

Attorney for Appellant

Dated: 10/23/2013

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

April J. Anderson
U. S. Department Of Justice
Ben Franklin Station
P. O. Box 14403 RFK 3724
Washington DC 20044-4403
202-616-9405
april.anderson@usdoj.gov

Jessica Dunsay Silver
U. S. Department Of Justice
950 Pennsylvania Avenue, NW PHB Room 5002
Washington DC 20530
202-514-2195
jessica.d.silver@usdoj.gov

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel